ERIC GRANT
United States Attorney
MATHEW W. PILE
Head of Program Litigation 1
Social Security Administration | Law & Policy
MARGARET BRANICK-ABILLA, CSBN 223600
Special Assistant United States Attorney
Program Litigation 1
Social Security Administration | Law & Policy
6401 Security Boulevard
Baltimore, MD 21235
Telephone: (510) 970-4809
Email: Margaret.Branick-Abilla@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| OCTAVIO NUNEZ, | Civil No. 2:24-cv-03166-TLN-AC |
|---|---|
| Plaintiff, | |
| vs. | STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS UNDER 28 U.S.C. § 1920 |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees in the amount of SEVEN THOUSAND, FOUR HUNDRED DOLLARS AND ZERO CENTS ($7,400.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) and costs in the amount of $405.00 (FOUR HUNDRED AND FIVE DOLLARS AND ZERO CENTS) under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel UNITED DISABILITY LAWYERS GROUP (Counsel).  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor

the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Counsel. Payments may be made by electronic funds transfer (EFT) or by check.

Plaintiff was an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Counsel, including Counsel's law firm and any associates, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: October 22, 2025      SUMMIT DISABILITY LAW LLC

By: /s/ Kevin D. Heitke*
KEVIN D. HEITKE
Attorneys for Plaintiff
[*As authorized by J. Gannon by e-mail on Oct. 21, 2025]

Dated: October 22, 2025      ERIC GRANT
United States Attorney
MATHEW W. PILE
Head of Program Litigation 1
Social Security Administration | Law & Policy

By:   /s/ Margaret Branick-Abilla
MARGARET BRANICK-ABILLA
Special Assistant United States Attorney
Attorneys for Defendant

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: October 22, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE